[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: NEW HAVEN BOARD OF EDUCATION'S MOTION TO DISMISS (#103)
This is a personal injury action brought by the plaintiff, Eric Padgett ("Padgett"), against four defendants: City of New Haven, New Haven Board of Education (hereinafter "Board of Education") Jim Newton, and Leroy Williams. The Board of Education has moved to dismiss, asserting insufficient service of process. For the reasons set forth below, the motion to dismiss is granted.
 BACKGROUND
In his complaint, Padgett alleges that he was injured while at Roberto Clemente Middle School when a metal volleyball pole stand fell on his foot. Padgett allegedly had been directed by his football coach to assist in moving the pole which was placed in a metal stand. While being tilted, the pole allegedly slipped out of the metal stand which then fell on Padgett's foot. Among the specifications of negligence is a failure to properly supervise Padgett and warn him of the dangerous condition of the volleyball pole.
According to the sheriff's return, service on the Board of Education was made by leaving a true and attested copy of the Writ, Summons and Complaint at the usual place of abode of Dr. Carlos Torre. Dr. Torre is President of the Board of Education.
 DISCUSSION
The Board of Education claims that service on Dr. Torre was insufficient because it did not comply with the requirements of General Statutes § 52-57(b)(2). That statute, as applicable here, provides:
 Process in civil actions against the following-described classes of defendants shall be served as follows: . . . (2) against a city, upon its CT Page 15719 clerk or assistant clerk or upon its mayor or manager . . .
The Board of Education claims that, in regards to Padgett's allegations, the Board of Education was an agent of the City of New Haven and accordingly service had to be made upon the City's clerk, assistant clerk, mayor or manager. Dr. Torre did not hold any of those positions.
A board of education is both an agent of the state in charge of education and an agent of a municipality in its function of maintaining public schools within the municipality's limits. R.A. Civitello Co. v. NewHaven, 6 Conn. App. 212, 218 (1986). Superior Court decisions have consistently held that, with respect to duties involving proper supervision of students, a board of education is an agent of the municipality. See e.g. Rosen v. Reale, Superior Court, Judicial District of New London, Docket No. 527510 (January 13, 1994, Hurley, J.).
The court finds that as to its role in supervising students such as Padgett under the circumstances alleged in the complaint, the Board of Education was an agent of the City of New Haven. Padgett's argument that the Board of Education should be considered a quasi corporate entity or a voluntary association, is inconsistent with New Haven's City Charter. The Charter clearly defines the Board of Education as a component of the department of education with responsibilities to manage and control New Haven's public schools. City of New Haven's Charter, Article XX1X § 148.
Under the allegations of this case, suit against the Board of Education had to be commenced by service of process against the City in accordance with § 52-57(b)(2). This was not done and therefore the motion to dismiss the action as to the Board of Education must be granted. This ruling is without prejudice to any further relief Padgett may have.[1]
 CONCLUSION
For the reasons set forth below, the motion to dismiss is granted.
So Ordered at New Haven, Connecticut this 21st day of December, 2000.
Devlin, J.